NOT DESIGNATED FOR PUBLICATION

No. 126,400

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN WAYNE REAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; AMY NORTON, judge. Opinion filed March 15, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HURST and COBLE, JJ.

PER CURIAM: Dustin Wayne Reavis appeals the district court's revocation of his probation after he stipulated to several violations. We granted a motion for summary disposition under Supreme Court Rule 7.041A (2023 Kan. S. Ct. R. at 48). Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In June 2021, in case No. 19CR830 (Case 1), Reavis pled no contest to felony possession of methamphetamine and misdemeanor possession of marijuana. The State agreed to recommend a dispositional departure from the presumptive prison sentence. With Reavis' criminal history score of A, the presumptive prison term was 37 to 42

1

months on the possession of methamphetamine conviction and 12 months in jail on the possession of marijuana conviction. At sentencing, the district court followed the parties' recommendation by granting a dispositional departure and placing Reavis on 18-months' probation with a controlling underlying sentence of 40 months' imprisonment.

One year later, the State moved to revoke Reavis' probation based on several alleged violations, including failing to: report to his intensive supervision officer (ISO), submit to urinalysis (UA) testing, refrain from using drugs or alcohol, follow through with drug and alcohol treatment, and keep his ISO informed of his home address and phone number. The State later amended the motion to add an alleged violation for failing to obey laws after Reavis was arrested on charges of aggravated battery, fleeing or eluding a law enforcement officer, interference with law enforcement officer, driving on a suspended license, no proof of insurance, and reckless driving.

Reavis subsequently agreed to plead no contest to two felony level charges of fleeing or eluding a law enforcement officer and interference with law enforcement officer, in case No. 22CR859 (Case 2). Under the plea agreement, the parties agreed that the sentence in Case 2 would run consecutive to the sentence imposed in Case 1. Reavis also acknowledged that the new convictions would be considered a violation of his probation in Case 1.

The district court held a combined hearing to sentence Reavis in Case 2 and dispose of the probation violation in Case 1. Although this appeal only concerns Case 1, we note that Reavis' counsel argued simultaneously for a dispositional departure in Case 2 and a reinstatement of probation in Case 1. As support, defense counsel pointed out that five of the six person felonies on Reavis' criminal history were over 20 years old, with four of those convictions resulting from a situation in which he was defending others. Defense counsel stated Reavis had acknowledged his failures and was requesting the court to give him an opportunity to show he can use his skills and experiences to

2

provide for himself, his family, and others. Reavis also spoke extensively about how his experiences with religion had shaped him, and about how he was working to address his addictions through treatment and committing to a clean lifestyle so that he can move forward and help those around him.

The State, in turn, pointed out that Reavis had been given a dispositional departure and avoided a presumptive prison term of 40 months. Yet, he continued to use drugs, failed to report, and then, with a passenger in the car with him—he led police on a high-speed chase resulting in him running into a mailbox and a tree. And if that were not enough, he ran from the scene. The district court agreed and found the new convictions were a material violation of probation, ordered his probation revoked, and imposed the underlying sentence.

Reavis timely appealed.

ANALYSIS

Reavis argues the district court abused its discretion when it revoked his probation and ordered him to serve his underlying sentence, rather than reinstating probation or imposing a lesser sentence.

The general procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Once the State has presented evidence establishing a violation of the conditions of probation, the district court has discretion to revoke probation and impose the underlying sentence unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. As the asserting party, Reavis must show that an abuse of discretion occurred. See 315 Kan. at 328.

3

Reavis does not dispute that he violated his probation by committing a new offense or that the district court had the legal authority to revoke his probation. See K.S.A. 22-3716(c)(7)(B) (authorizing probation revocation where probation was originally granted because of a dispositional departure); K.S.A. 22-3716(c)(7)(C) (authorizing probation revocation where offender commits a new felony or misdemeanor while on probation). Rather, he contends that reinstatement of probation was warranted given (1) the age of his criminal history, and (2) and his willingness to go through treatment to address his drug addiction and other issues that had "led him down the wrong road." Yet Reavis does not claim the district court's decision resulted from a legal or factual error, so we are left with determining whether no reasonable person would agree with the district court's decision to revoke his probation and impose the underlying sentence. See *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015).

We cannot conclude that no reasonable person would have revoked Reavis' probation and imposed the underlying sentence under these circumstances. The district court showed leniency by granting Reavis a dispositional departure to probation in Case 1 when he was facing a presumptive prison term of more than three years, despite his extensive criminal history. Reavis then committed two new felonies while on probation, including charges of fleeing or eluding law enforcement and interference with law enforcement. Although Reavis emphasizes that his criminal history included four 20-year-old aggravated battery convictions all stemming from the same incident in which he was defending others, he does not explain how that fact should have altered the district court's decision. Moreover, further review of the record shows that Reavis committed another person felony in 2015, so his emphasis on the age of the older person felonies rings hollow.

As for his willingness to enter treatment to address his drug addiction—which Reavis claims was the "main driver in this case,"—we likewise find no abuse of discretion by the district court. The underlying charges here involved drugs, and Reavis

4

failed to address his addiction even though he knew he could face over three years in prison if he continued to use. He pointed to six months of sobriety while in custody, but that does not serve as any indication that he will remain sober when he is released. Reavis fails to show that no reasonable person would have revoked his probation under the circumstances.

Affirmed.